IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John Palmer, | ) | No. CV 08-0954-PHX-JAT (ECV) |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Dora B. Schriro, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Pending before the court is a *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner John Palmer.  Doc. #9.  On November 4, 1992, pursuant to a plea agreement in the Maricopa County Superior Court, Petitioner pled guilty to one count of child molestation, a class two felony under Arizona law and one count of attempted child molestation, a class three felony.  Doc. #13, Exh. B, C.  On December 2, 1992, Petitioner was sentenced to 17 years in prison on the first count and a consecutive term of lifetime probation on the second count.  Doc. #13, Exh. D, E.

On June 4, 2007, Petitioner filed a Notice of Post-Conviction Relief in which he alleged that a sentence of lifetime probation is unconstitutional.  Doc. #13, Exh. F.  On July 2, 2007, the trial court dismissed the notice of post-conviction relief as untimely.  Doc. #13, Exh. G.  Petitioner filed a Petition for Review in the Arizona Court of Appeals on July 16,

1  2007, which was summarily denied on March 19, 2008.  Doc. #13, Exh. H, I.  Petitioner did

2  not seek review in the Arizona Supreme Court.  Doc. #9 at 5.

3        On May 27, 2008, Petitioner filed his Petition for Writ of Habeas Corpus in this court.

4  Doc. #1.  After the petition was dismissed with leave to amend, Petitioner filed an Amended

5  Petition on July 10, 2008.  Doc. #6, #9.  Petitioner alleges four grounds for relief.  In ground

6  one, Petitioner contends that he was denied access to the courts under First Amendment when

7  the Superior Court and the Court of Appeals denied review of his unconstitutional sentence

8  claim.  In ground two, he claims that his sentence violated various provisions of the Fifth

9  Amendment.  He contends in ground three that his Sixth Amendment right to effective

10  assistance of counsel was violated when his lawyer failed to investigate his case and allowed

11  him to receive an aggravated sentence.  Lastly, in ground four, Petitioner alleges that his

12  Fourteenth Amendment rights to due process and equal protection were violated when the

13  Superior Court and Court of Appeals failed to provide justice with regard to the sentence he

14  received. On August 27, 2008, Respondents filed an Answer to Petition for Writ of Habeas

15  Corpus Limited to Affirmative Defenses. Doc. #13.  Petitioner filed a Reply to Respondents'

16  Answer on September 25, 2008.

17  **DISCUSSION**

18        Respondents contend that the petition should be dismissed because it was not filed

19  within the statute of limitations period.  Alternatively, Respondents argue that Petitioner's

20  claims in grounds one, two and three are procedurally defaulted and that the claim in ground

21  four is too vague and speculative to warrant relief.  Because the information presented

22  establishes that the habeas petition is untimely, the court finds that it is barred by the statute

23  of limitations and recommends that the petition be denied on that basis.

24  ///

25  ///

26  ///

27  ///

28

**A.    Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1).[1]  The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A).  Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007).  Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking such review.  See id.  State prisoners whose convictions became final before the AEDPA effective date of April 24, 1996, had a one-year grace period in which to file their petitions. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).  Thus, any such petitions had to be filed by April 24, 1997.  Id.

---

[1]Because Petitioner's habeas petition was filed after the AEDPA effective date of April 24, 1996, the Act's provisions apply to this case.  Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).

1    Additionally, "[t]he time during which a properly filed application for State post-
2    conviction or other collateral review with respect to the pertinent judgment or claim is
3    pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also
4    Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002).  A post-conviction petition is "clearly
5    pending after it is filed with a state court, but before that court grants or denies the petition."
6    Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004).  In Arizona, post-conviction review
7    is pending once a *notice* of post-conviction relief is filed even though the petition is not filed
8    until later.  Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004).
9    An application for post-conviction relief is also pending during the intervals between a lower
10   court decision and a review by a higher court.  See Biggs v. Duncan, 339 F.3d 1045, 1048
11   (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002).  However, the time
12   between a first and second application for post-conviction relief is not tolled because no
13   application is "pending" during that period.  Biggs, 339 F.3d at 1048; see also King v. Roe,
14   340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval
15   between the completion of one round of state collateral review and the commencement of a
16   second round of review.").  Moreover, filing a new petition for post-conviction relief does
17   not reinitiate a limitations period that ended before the new petition was filed.  See Ferguson
18   v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

19   **B.    Application**

20   Petitioner was convicted and sentenced under the plea agreement on December 2,
21   1992.  Petitioner had 90 days to file an "of-right" petition for post-conviction relief under
22   Rule 32 of the Arizona Rules of Criminal Procedure.  Petitioner failed to file a petition for
23   post-conviction relief within the 90-day time limit and therefore his judgment of conviction
24   became final upon the expiration of that period.  Because Petitioner's judgment of conviction
25   became final in early 1993, well before the effective date of the AEDPA, his habeas petition
26   had to be filed on or before April 24, 1997, the end of the one-year grace period.  Petitioner
27   filed his on August 27, 2008, more than 11 years too late.

28

1    Petitioner's state petition for post-conviction relief on June 4, 2007, had no impact on

2    the statute of limitations.  Because the limitations period had expired long before the petition

3    for post-conviction was filed, the limitations period was not tolled.

4    For these reasons, the court finds that Petitioner's habeas petition is untimely.

5    Petitioner does not address the statute of limitations in his reply and therefore he fails to

6    refute Respondents' arguments regarding that issue.[2]  Moreover, Petitioner fails to present

7    any facts or argument to show he is entitled to equitable tolling.  Because the petition is

8    barred by the statute of limitations, the court will recommend that it be denied and dismissed.

9    **IT IS THEREFORE RECOMMENDED:**

10   That the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

11   (Doc. #9) be **DENIED** and **DISMISSED WITH PREJUDICE**;

12   This recommendation is not an order that is immediately appealable to the Ninth

13   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

14   Appellate Procedure, should not be filed until entry of the district court's judgment.  The

15   parties shall have ten days from the date of service of a copy of this recommendation within

16   which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.

17   Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a

18   response to the objections.  Failure to timely file objections to the Magistrate Judge's Report

19   and Recommendation may result in the acceptance of the Report and Recommendation by

20   the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,

21   1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the

22   ///

23   ///

24

25

26

27   _____

28   [2]One of the headings in his reply is "Timeliness under AEDPA," but the discussion under that heading covers procedural default, not the statute of limitations.

Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation.  See Fed. R. Civ. P. 72.

DATED this 11th day of March, 2009.

Edward C. Voss
United States Magistrate Judge