**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Palmer, ) | No. CV 08-0954-PHX-JAT (ECV) |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Dora B. Schriro; et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus (Petition). On March 11, 2009, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation (R&R) recommending that the Petition be dismissed because it is barred by the statute of limitations. On March 20, 2009, Petitioner filed objections to the R&R.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original). Because Petitioner filed objections, this Court will review *de novo* the Magistrate Judge's conclusion that the Petition in this case is barred by the statute of limitations.

On November 4, 1992, pursuant to a plea agreement in Maricopa County Superior Court, Petitioner pled guilty to one count of child molestation, a class two felony under Arizona law and one count of attempted child molestation, a class three felony. Doc. #13, Exh. B, C. On December 2, 1992, Petitioner was sentenced to 17 years in prison on the first count and a consecutive term of lifetime probation on the second account. Doc. #13, Exh. D, E. In the case of criminal defendants who plead guilty and for purposes of § 2244(d), the judgment of conviction becomes final upon the conclusion of an of-right proceeding pursuant to Rule 32.4, Arizona Rules of Criminal Procedure, or upon the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A); Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). As Petitioner failed to file a petition pursuant to Rule 32.4 within the 90-day time limit (before March 1, 1993), his judgment of conviction became final on March 2, 1993.

As the R&R correctly recounts, under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Petitioner had until April 25, 1997, to file a petition for writ of habeas corpus with this Court as he is a state prisoner whose conviction became final before April 24, 1996, the effective date of the AEDPA. R&R at 4; Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001). Petitioner objects to this conclusion, Objection at 4-5, on the grounds that the AEDPA only applies to cases filed after the AEDPA became effective, Lindh v. Murphy, 521 U.S. 320, 323 (1997); Petitioner is mistaken, however, as to the case at issue. Lindh refers to the filing date of a petition for writ of habeas corpus and not to the filing date of the underlying criminal case. Id. In this case, Petitioner filed the Petition August 27, 2008, after the AEDPA became effective. Therefore, the Petition is untimely unless Petitioner is entitled to tolling of the statute of limitations until August 27, 2008.

By statute, Petitioner is entitled to "statutory" tolling during any period he had a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim ... pending." 28 U.S.C. § 2244(d)(2). In this case, Petitioner failed to file an "of-right" petition for post-conviction relief within the 90-day time limit after his conviction and sentencing, 17 A.R.S. Rules of Criminal Procedure 32.4 (1997),

| | |
|---|---|
| 1 | and is therefore not entitled to statutory tolling. R&R at 4. Petitioner did file a petition for |
| 2 | post-conviction relief on June 4, 2007, id. at 1; however, even if this petition were not |
| 3 | untimely, it would not restart the limitations period because the period ended before the |
| 4 | petition was filed. See id. at 4 (citing Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. |
| 5 | 2003)). Therefore, after considering statutory tolling, the Petition is still untimely. |
| 6 |     Next, the Court considers equitable tolling. See Lawrence v. Florida, 549 U.S. 327, |
| 7 | 336 (2007) (assuming without deciding that equitable tolling is available to habeas |
| 8 | petitioners); see also Harris v. Carter, 515 F.3d 1051 (9th Cir. 2008); accord Coker v. |
| 9 | Quarterman, No. 05-10020, 2008 WL 724042, at *5 n.1 (5th Cir. Mar. 17, 2008) (expressly |
| 10 | holding that equitable tolling of AEDPA's statute of limitations is available); Diaz v. Kelly, |
| 11 | 515 F.3d 149, 153 (2d Cir. 2008) (same). The Magistrate Judge concluded that Petitioner is |
| 12 | not entitled to equitable tolling. R&R at 5. Petitioner objects to this conclusion. |
| 13 |     For Petitioner to be entitled to equitable tolling, he must show "'(1) that he has been |
| 14 | pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' |
| 15 | and prevented timely filing." Lawrence, 549 U.S. at 336 (citing Pace v. DiGuglielmo, 544 |
| 16 | U.S. 408, 418 (2005)). |
| 17 |     Regarding the first requirement, Petitioner did not file this Petition until eleven years |
| 18 | after the designated time period ended. Petitioner fails to present any facts or argument to |
| 19 | show that, during those eleven years, he was pursuing his rights diligently. Therefore, the |
| 20 | Court finds Petitioner was not diligent. |
| 21 |     Regarding the second requirement, Petitioner's allegation that the State of Arizona |
| 22 | failed to provide notice of the limitations period imposed by the AEDPA fails because, as a |
| 23 | general proposition, the State has no duty to give him notice. Moreover, Petitioner does not |
| 24 | allege any facts that show why he could not timely file. Petitioner's general allegations |
| 25 | regarding his lack of familiarity with the law and lack of legal assistance alone do not |
| 26 | equitably toll the statute of limitations. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. |
| 27 | 2006). |
| 28 | |

1    Furthermore, Petitioner alleges that the Arizona Department of Corrections failed to
2 provide the revised Form 530 throughout the year of 2008. Objection at 8-9. The Court notes
3 that in some cases inadequate legal materials can be an "impediment" which justifies late
4 filing, or can form the basis for equitable tolling. See Whalem/Hunt v. Early, 233 F.3d 1146,
5 1148 (9th Cir. 2000) (*en banc*). Whalem/Hunt does not, however, apply in this case because
6 Petitioner does not allege that the form was unavailable prior to or on April 25, 1997. Thus,
7 even if the form had been provided during the year of 2008, Petitioner's Petition would still
8 be untimely.
9    Finally, Petitioner's general claim that the State exhibited "bias and prejudice" toward
10 convicts fails to allege any facts showing why he could not timely file the Petition.
11    Thus, all of Petitioner's claims for equitable tolling fail and the Petition in this case
12 will be dismissed because it is barred by the statute of limitations.
13    Based on the foregoing,
14    **IT IS ORDERED** that the Report and Recommendation (Doc. #15) is accepted and
15 adopted, the Objections (Doc. #16) are overruled, the Petition is dismissed with prejudice
16 because it is barred by the statute of limitations and the Clerk of the Court shall enter
17 judgment accordingly.
18    DATED this 10th day of June, 2009.

James A. Teilborg
United States District Judge